IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE MONTESSORI SOCIETY OF CENTRAL        :
MARYLAND, INC. t/a Greenspring
Montessori School
                                          :

    v.                                    :   Civil Action No. DKC 19-2358

                                          :

ALLEN HICKS, et al.                       :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this breach of contract and tort case is the motion to sever and remand the claim against Defendant Allen Hicks ("Defendant Hicks") filed by Defendant BrightView Landscapes, LLC ("Defendant BrightView") (ECF No. 3); the motion to dismiss filed by Defendant BrightView (ECF No. 4); and the motion to remand filed by Plaintiff Montessori Society of Central Maryland, Inc. t/a Greenspring Montessori School ("Plaintiff") (ECF No. 20). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to sever and remand the claim against Defendant Hicks will be denied and the motion to remand will be granted. The motion to dismiss remains for resolution after remand.

I. **Background**

In December 2014, Plaintiff, a private school, and Defendant BrightView, a landscaping company and vendor for

Plaintiff, executed a landscape maintenance agreement for the 2015 calendar year. The agreement outlined the work that Defendant BrightView would perform for Plaintiff, including "mowing and trimming, spring cleanup, weed and mulch work, and leaf removal." (ECF No. 7, at 5 ¶ 24). Defendant BrightView hired Defendant Hicks, an individual previously convicted of rape in February 1997 and released in March 2015 after serving 18 years of a 25-year sentence, to perform work under the agreement.[1]

On December 23, 2015, Defendant Hicks attacked and raped one of Plaintiff's employees on Plaintiff's property. A jury convicted Defendant Hicks of first-degree rape, two counts of first-degree sexual offense, kidnapping, and robbery. Defendant Hicks is serving his sentence: three consecutive life sentences without parole.

On December 21, 2018, Plaintiff filed a complaint raising a trespass claim against Defendant Hicks in the Circuit Court for Baltimore County, Maryland. On February 28, 2019, Plaintiff filed a first amended complaint to include contract and tort claims against Defendant BrightView. On August 16, 2019,

---

[1] The parties represent that Defendant Hicks pleaded guilty to first-degree rape in 1998. (ECF No. 7, at 4 ¶ 16; ECF No. 4-1, at 4). One of Plaintiff's exhibits, an article published by The Washington Post, indicates that a jury convicted Defendant Hicks of assault, rape, sodomy, kidnapping, and using a handgun to commit a felony in 1997. (ECF No. 22-3, at 2).

Defendant BrightView filed a notice of removal and removed the case to the United States District Court for the District of Maryland. (ECF No. 1). Defendant BrightView concomitantly filed the presently pending motion to sever and remand the claim against Defendant Hicks, (ECF No. 3), and the motion to dismiss (ECF No. 4).

Plaintiff and Defendant BrightView then filed a consent motion to set briefing schedule. (ECF No. 15). The consent motion explained that Plaintiff intended to file a competing motion to remand the entire case and proposed a schedule to coordinate briefing on the competing remand motions.[2] (*Id.*, at 2 ¶¶ 4-5). The court granted the consent motion. (ECF No. 16).

On September 23, 2019, Plaintiff filed a combined motion to remand and response to Defendant BrightView's motion to sever and remand the claim against Defendant Hicks.[3] (ECF No. 20). On October 14, 2019, Defendant BrightView filed a response to Plaintiff's motion to remand. (ECF No. 23). On October 28, 2019, Defendant BrightView filed a reply regarding its motion to sever and remand the claim against Defendant Hicks, (ECF No.

---

[2] The consent motion also set the briefing schedule for Defendant BrightView's motion to dismiss. (ECF No. 15).

[3] Plaintiff filed two copies of the memorandum in support of its motion to remand and in opposition to Defendant BrightView's motion to sever and remand the claim against Defendant Hicks. *See* ECF No. 20-1; ECF No. 21. The opinion cites to ECF No. 20-1.

3

26), and Plaintiff filed a reply regarding its motion to remand, (ECF No. 27). Defendant Hicks has not filed an answer or otherwise appeared in this case.

**II. Standard of Review**

Under 28 U.S.C. § 1441(a), a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" The burden of demonstrating jurisdiction, and the propriety of removal, rests with the removing party. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004). On a motion to remand, the court must strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court. *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011) (en banc), *abrogated by statute on other grounds by* 28 U.S.C. § 1446(b)(2)(B). This standard reflects the "significant federalism concerns" raised by removal. *Id.*

Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds. . . $75,000. . . and is between citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship must exist to satisfy § 1332's diversity requirement. "In determining the propriety of a petition for removal, the [c]ourt must restrict itself to 'the plaintiff's pleading, which controls.'" *Griffin v. Ford Consumer Fin. Co.*, 812 F.Supp. 614,

4

616 (W.D.N.C. 1993) (citing *Am. Fire and Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951)).

**III. Defendant BrightView's Motion to Sever and Remand Defendant Hicks; Plaintiff's Motion to Remand**

Plaintiff and Defendant BrightView agree that Plaintiff is a citizen of Maryland, Defendant BrightView is a dual citizen of Delaware and Pennsylvania, and Defendant Hicks is a citizen of Maryland. Plaintiff contends that diversity is incomplete on the face of the first amended complaint. Defendant BrightView argues that Plaintiff fraudulently misjoined Defendant Hicks to defeat diversity jurisdiction or, in the alternative, that the court may exercise its discretion under Fed.R.Civ.P. 21 to sever Defendant Hicks because he is not necessary and indispensable.

**A. Fraudulent Misjoinder**

"Fraudulent misjoinder 'is an assertion that claims against certain defendants, while provable, have no real connection to the claims against other defendants in the same action and were only included. . . to defeat diversity jurisdiction and removal.'" *Stephens v. Kaiser Found. Health Plan*, 807 F.Supp. 2d 375, 379 (D.Md. 2011) (quoting *Wyatt v. Charleston Area Med. Ctr., Inc.*, 651 F.Supp.2d 492, 496 (S.D.W.Va. 2009). Fraudulent misjoinder is "newer and more ambiguous" than the fraudulent joinder doctrine, *Stephens*, 807 F.Supp.2d at 379, and "not as

5

widely accepted[,]" *Larson v. Abbott Labs.*, No. 13-00554-ELH, 2013 WL 5937824, at *11 (D.Md. Nov. 5, 2013).

The United States Court of Appeals for the Fourth Circuit has not addressed fraudulent misjoinder, and district courts within the Fourth Circuit "disagree about whether to adopt the doctrine." *Larson*, No. 13-00554-ELH, 2013 WL 5937824, at *12. Within the District of Maryland, "the relevant inquiry is whether a plaintiff has satisfied the requirements of [Fed.R.Civ.P.] 20(a), which governs permissive joinder of claims."[4] *Mayor & City Council of Balt. v. Purdue Pharma L.P.*, No. 18-cv-800-GLR, 2018 WL 1963816, at *5 (D.Md. Apr. 25, 2018). Fed.R.Civ.P. 20(a) provides, in pertinent part:

---

[4] As Judge Hollander explained, even "[a]mong the courts that have adopted the fraudulent misjoinder doctrine, further disagreement exists over its contours." *Larson*, No. 13-00554-ELH, 2013 WL 5937824 at *12. For example, some district courts "have declined to find fraudulent misjoinder in the absence of egregiousness[,]" while "[o]thers, including the majority of district courts within the Fourth Circuit that have adopted the doctrine, have declined to impose an egregiousness requirement on the misjoinder analysis." *Id.* In addition, some courts analyze the alleged fraudulent misjoinder with reference to the federal procedural rule governing permissive joinder, while others reference the state procedural rule. *Id.* The first case discussing fraudulent misjoinder in the District of Maryland is *Stephens v. Kaiser Found. Health Plan*. In *Stephens*, Judge Bennett adopted the doctrine of fraudulent misjoinder and did not impose an egregiousness requirement. 807 F.Supp.2d at 380–81. Judge Bennett also referenced the federal procedural rule because "Maryland's law governing permissive joinder is substantively identical to its federal counterpart[.]" *Id.* at 381 n.5.

6

> Persons. . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20 "should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983). Courts liberally construe the first requirement and find that "claims arise from the same transaction or occurrence if they have a logical relationship to one another." *Stephens*, 807 F.Supp.2d at 382 (citing 7 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane ("Wright & Miller"), Federal Practice and Procedure § 1653 (3d ed.)). Similarly, the second requirement "does not require that every question of law or fact in the action be common among the parties; rather, the rule permits party joinder whenever there will be *at least one* common question of law *or* fact." *Id.* at 384 (quoting Wright & Miller, § 1653) (emphasis added in *Stephens*).

Establishing fraudulent misjoinder is a "heavy burden[.]" *Stephens*, 807 F.Supp.2d at 377. Indeed, although several cases within the District of Maryland adopt or consider fraudulent misjoinder, Defendant BrightView does not cite, and this court

has not found, any case within this district where the court found fraudulent misjoinder and severed and remanded a nondiverse defendant.[5] Assuming *arguendo* that the court adopted the fraudulent misjoinder doctrine, Defendant BrightView has not met its burden here.

   1. **Plaintiff's trespass claim against Defendant Hicks**

Defendant BrightView argues that Plaintiff named Defendant Hicks as a codefendant "for the transparent purpose of defeating

---

[5] *Anne Arundel Cnty. v. Purdue Pharma L.P.*, No. 18-cv-519-GLR, 2018 WL 1963789, at *6 (D.Md. Apr. 25, 2018) ("Because both prongs of [Fed.R.Civ.P.] 20(a) are satisfied, the [c]ourt concludes that the [p]rescriber [d]efendants are not fraudulently misjoined."); *Mayor & City Council of Balt.*, No. 18-cv-800-GLR, 2018 WL 1963816, at *6 ("Because both prongs of [Fed.R.Civ.P.] 20(a) are satisfied, the [c]ourt concludes that the [health care provider] [d]efendants are not fraudulently misjoined."); *Sullivan v. Calvert Mem'l Hosp.*, 117 F.Supp.3d 702, 707 n.4 (D.Md. 2015) ("Since the [c]ourt has concluded that it has discretion to sever the claims against the Maryland Healthcare Defendants because they are not necessary parties to the claims against the Ethicon Defendants, it need not decide the issue of whether the Maryland Healthcare Defendants have been fraudulently misjoined to the claims against the Ethicon Defendants."); *Sodibar Sys., Inc. v. Simon*, No. 13-3399-PWG, 2014 WL 1276441, at *4 (Mar. 26, 2014 D.Md.) ("Because all of the [c]orporations assert the same claims, it necessarily is fraudulent joinder, not fraudulent misjoinder, that Defendant alleges."); *Larson*, No. 13-00554-ELH, 2013 WL 5937824, at *13 ("Even if [the court] adopted the fraudulent misjoinder doctrine, despite its flaws, applying it to sever the claims in this case would turn the doctrine entirely on its head."); *Receivership Estate of Mann Bracken, LLP v. Cline*, No. 12-292-RWT, at *7 n.5, 2012 WL 2921355 (July 16, 2012) ("Defendants' argument that the consolidation of the two cases is akin to fraudulent misjoinder is unpersuasive."); *Stephens*, 807 F.Supp. 2d 375, 385 (D.Md. 2011) ("[B]ecause the claims against the medical malpractice defendants are so interrelated, this [c]ourt cannot find fraudulent misjoinder[.]").

federal jurisdiction." (ECF No. 1, at 2). Despite Defendant BrightView's repeated protestations, Plaintiff articulates other motives for joining Defendant Hicks. (ECF No. 27, at 9–10). Plaintiff's reasons include "send[ing] a message to its present and future constituents that the [s]chool will hold to account anyone who negligently or intentionally harms the [s]chool[]" and "collect[ing] from [Defendant] Hicks any damages not imposed on or paid by [Defendant BrightView]." (*Id.* at 10). Moreover, obtaining evidence from a party is easier than obtaining evidence from a non-party.

Defendant BrightView also argues that the timeline, particularly Plaintiff's effectuation of service on Defendant Hicks eight months after filing the complaint, "underscores. . . that his sole purpose for being joined in this action is to attempt to defeat federal jurisdiction." (ECF No. 1, at 11 ¶ 26; *see also* ECF No. 3-1, at 8). Plaintiff explains that statute of limitations considerations compelled filing suit against Defendant Hicks first, while negotiations with Defendant BrightView continued under a tolling agreement. (ECF No. 27, at 10). Plaintiff compares the eight-month delay between filing the complaint and serving Defendant Hicks with the commensurate five-month delay between filing the amended complaint and serving Defendant BrightView to counter Defendant BrightView's argument. The timeline does not support Defendant BrightView's

assertion that Plaintiff named Defendant Hicks to defeat diversity jurisdiction. Notably, Plaintiff filed suit against Defendant Hicks first, in state court, and subsequently amended its complaint to include Defendant BrightView. Such sequencing undercuts Defendant BrightView's argument that Plaintiff joined Defendant Hicks to avoid a federal forum. *See Larson*, No. 13-00554-ELH, 2013 WL 5937824, at *13 ("The decision to add [the diverse defendants], far from being a fraudulent attempt to defeat diversity, actually opened the door to the possibility of a federal court hearing the matter.")

### 2. Arising from the same transaction or occurrence

Defendant BrightView contends that the trespass claim against Defendant Hicks and the contract and tort claims against Defendant BrightView do not arise from the same transaction or occurrence. (ECF No. 1, at 7–8 ¶ 15). Defendant BrightView elaborates that the trespass claim against Defendant Hicks "arises from a sexual assault perpetrated by [Defendant] Hicks on Plaintiff's property against Plaintiff's employee [on] the evening of December 23, 2015," while the contract and tort claims against it arise from "hiring [Defendant] Hicks and assigning him to work on school grounds – actions that occurred well before and without reference to the" sexual assault. (*Id.*; *see also* ECF No. 3-1, at 5–6).

Plaintiff counters that the claim against Defendant Hicks and the claims against Defendant BrightView logically relate to each other. (ECF No. 20-1, at 9). Plaintiff identifies the transaction or occurrence as Defendant Hicks's rape of an employee and contends that Defendant BrightView introduced Defendant Hicks to the campus. (*Id.*). Plaintiff also asserts that Defendant BrightView "repeatedly failed to exercise due care and discharge its contractual obligations. . ., thereby placing [Defendant] Hicks in a position to observe the [s]chool and acquire information by which he could carry out his trespass and attack." (ECF No. 27, at 6).

Here, the claim against Defendant BrightView and the claim against Defendant Hicks have a logical relationship to each other. Defendant BrightView employed Defendant Hicks and, during the time he was employed by Defendant BrightView, Defendant Hicks committed a crime on Plaintiff's property, albeit not necessarily within the scope of his employment.

Defendant BrightView cites many cases and appears to emphasize two throughout its argument: *Hughes v. Sears, Roebuck & Co.*, No. 09-cv-93-JPB, 2009 WL 2877424 (N.D.W.Va. Sept. 3, 2009) and *Pollock v. Goodwin*, No. 07-cv-3983-CMC, 2008 WL 216381

(D.S.C. Jan. 23, 2008).[6] Defendant BrightView asserts that these cases demonstrate that fraudulent misjoinder is shown when "the claims against different defendants sound in different theories of liability and depend on different facts for proof." (ECF No. 3-1, at 7). Defendant BrightView argues that courts "exercise their discretion to sever such claims even where the claim against one defendant may be argued to have given rise to the claim against another defendant[.]" (*Id.*). Both *Hughes* and *Pollock* are distinguishable.

*Hughes* involved a medical misdiagnosis that occurred when one of the plaintiffs sought treatment following a fall from a treadmill. No. 09-cv-93-JPB, 2009 WL 2877424, at *1. The complaint asserted products liability claims against the manufacturer and the seller of the treadmill and a medical malpractice claim against the emergency room doctor that treated the injury from the fall. *Id.* The *Hughes* court concluded that the medical malpractice claim and the products liability claims did not arise out of the same transaction or occurrence because the doctor "had no control over the allegedly defective product[]" and the evidence supporting the claims would be "markedly different." *Id.* at *6.

---

[6] The *Pollock* case does not involve fraudulent misjoinder, but does include a Fed.R.Civ.P 20(a) analysis. No. 07-cv-3983-CMC, 2008 WL 216381, at *2-5.

*Pollock* involved a motor vehicle accident. No. 07-cv-3983-CMC, 2008 WL 216381, at *1. The complaint alleged negligent operation of a vehicle against the driver of the vehicle, negligent entrustment against the owner of the vehicle, and breach of contract and bad faith, founded on an uninsured motorist provision of an automobile policy issued to the plaintiff, against an insurance company. *Id.* The *Pollock* court held that the claims against the driver and owner of the vehicle and the claims against the insurance company did not arise out of the same transaction or occurrence because they involved different legal theories and the facts relevant to the negligence claims predated the facts relevant to the contract claim. *Id.* at *2-3.

Although Defendant BrightView declares "[t]he situation is no different here[,]" (ECF No. 23, at 6), there is one significant difference: an employee-employer relationship exists here that did not exist in *Hughes* or *Pollock*. Defendant BrightView argues that the employee-employer relationship "is insufficient to permit joinder in this case[]" because Plaintiff did not allege Defendant Hicks acted within the scope of his employment or that Defendant BrightView is vicariously liable for Defendant Hicks's actions. (ECF No. 3-1, at 8). Defendant BrightView cites *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), the United States Court of Appeals for the

Eleventh Circuit case creating the doctrine of fraudulent misjoinder, in support of this contention. *Tapscott* did not involve an employee-employer relationship.

Moreover, while the *Hughes* court did sever the medical malpractice claims from the products liability claims, other courts have not severed such claims when the medical malpractice claim relates to the implementation of a medical device and the products liability claim relates to the same medical device. *Stephens*, 807 F.Supp.2d at 383-84; *cf. Larson*, No. 13-00554-ELH, 2013 WL 5937824, at *11-14 (finding that medical malpractice claims were not fraudulently misjoined to products liability claims when the medical malpractice defendants prescribed a drug developed and marketed by the pharmaceutical defendants). The *Hughes* court recognized this explicitly in its opinion. No. 09-cv-93-JPB, 2009 WL 2877424, at *5 ("Several courts have analyzed whether malpractice claims can be properly joined with products liability claims. However, this issue typically arises in the context of malpractice because of the malfunctioning or misuse of a defective or recalled medical device."). Therefore, the argument that fraudulent misjoinder is appropriate when the claims involve different theories of liability and require different facts for proof is less persuasive. Indeed, as Judge Bennett noted in *Stephens* when discussing *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, No. 07-1487-DWF,

2007 WL 2572048 (D.Minn. Aug. 30, 2007) and *Wyatt v. Charleston Area Med. Ctr. Inc.*, 651 F.Supp.2d 492 (S.D.W.Va. 2009), different courts considering "nearly identical" facts "reached the opposite conclusion with regard to the same transaction or occurrence prong of the [Fed.R.Civ.P.] 20 analysis." 807 F.Supp.2d at 383-84; *see also Hughes*, No. 09-cv-93-JPB, 2009 WL 2877424, at *6 ("[C]ourts, faced with nearly identical facts, differ drastically in applying the first prong of [Fed.R.Civ.P.] 20(a).").

### 3. Common question of law or fact

Defendant BrightView argues that "[t]he two sets of claims against each [d]efendant are legally and factually distinct[]" and "[d]iscovery for the two sets of claims will be very different, as will the witnesses." (ECF No. 1, at 8 ¶ 16; *see also* ECF No. 3-1, at 6). Defendant BrightView elaborates that its liability is distinct from Defendant Hicks's liability, underscoring that Plaintiff does not allege they are jointly, severally, or alternatively liable to each other. (ECF No. 1, at 7-8 ¶¶ 15-16; *see also* ECF No. 3-1, at 6). Plaintiff responds that the claims against Defendant Hicks and Defendant BrightView raise many common questions of law and fact, including details surrounding the rape and damages attributable to the rape. (ECF No. 20-1, at 10).

15

There are several common questions of law and fact in this action. Plaintiff seeks to recover damages from both Defendant BrightView and Defendant Hicks. Although Plaintiff does not allege that they are jointly, severally, or alternatively liable, Plaintiff's injuries, the extent of the injuries, and the cause of the injuries will be questions common to both defendants. *See Stephens*, 807 F.Supp.2d at 384–85; *Wyatt*, 651 F.Supp.2d at 498.

### B. Rule Severability

Defendant BrightView next argues that even if Plaintiff did not fraudulently misjoin Defendant Hicks, the court should exercise its discretion under Fed.R.Civ.P. 21 and sever him as a party. Fed.R.Civ.P. 21 provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion, or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed.R.Civ.P. 21 grants federal courts discretion to sever nondiverse parties to achieve complete diversity. *Koehler v. Dodwell*, 152 F.3d 304, 308 (4th Cir. 1998). The United States Supreme Court has "emphasize[d] that such authority should be exercised sparingly." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837 (1989). "[T]he Supreme Court and the Fourth Circuit have not considered whether [Fed.R.Civ.P. 21] is an appropriate tool to remedy a lack of complete diversity at the

16

time of removal." *Rouse v. State Farm Mut. Auto. Ins. Co.*, No. 14-cv-690-LCB, 2015 WL 3849648, at *4 (M.D.N.C. June 22, 2015). "Rather, these courts have applied [Fed.R.Civ.P. 21] or approved the use of [Fed.R.Civ.P.] 21 in cases where the suit began in federal court and the lack of complete diversity did not become apparent until appeal – after the parties had engaged in significant litigation and the court had issued a final judgment." *Id.*

This is not such a case. Here, complete diversity is lacking because Plaintiff did not fraudulently misjoin Defendant Hicks. Defendant BrightView alternatively asks the court to exercise its discretion under Fed.R.Civ.P. 21 to create jurisdiction. Use of Fed.R.Civ.P. 21 in this way "circumvent[s] the strict constraints of the removal statute and unduly expand[s] diversity jurisdiction." *Rouse*, 14-cv-690-LCB, 2015 WL 3849648, at *5 (citation and quotation marks omitted); *see also Klintworth v. Valley Forge Ins. Co.*, No. 17-cv-448-CVE-JFJ, 2018 WL 4521219, at *6 (N.D.Okla. Sept. 21, 2018) ("[Fed.R.Civ.P.] 21 may be used to 'cure a jurisdictional defect' in certain circumstances. However, there is a difference between curing a jurisdictional defect and creating federal jurisdiction in the first place.") (citation omitted); *Quincy Mut. Fire Ins. Co. v. Vivint Solar Developer, LLC*, 17-cv-12343-ADB, 2018 WL 3974820, at *5 (D.Mass. Aug. 20, 2018)

("Courts in other districts have held that it is improper for a court to use [Fed.R.Civ.P.] 21 to drop a party where the lack of complete diversity was apparent at the time of removal and where defendants have failed to show fraudulent joinder.") (collecting cases); *Hampton v. Insys Therapeutics, Inc.*, 319 F.Supp.3d 1204, 1213-14 (D.Nev. 2018) ("Unlike the heavy burden that applies to establishing jurisdiction on removal, a defendant could succeed on a [Fed.R.Civ.P.] 21 motion on a far lesser standard simply by appealing to the court's discretion. The better approach is to have such severance arguments addressed to, and adjudicated by, the state court.") (citation and quotation marks omitted).

Defendant BrightView emphasizes its right to removal. (ECF No. 1, at 9 ¶ 18; ECF No. 3-1, at 1; ECF No. 26, at 3). However, Defendant BrightView's "right to a federal forum ended with [its] failure to establish fraudulent [mis]joinder, which solidifies the lack of complete diversity in this case and deprives the court of subject matter jurisdiction." *Rouse*, 14-cv-690-LCB, 2015 WL 3849648, at *5.

**IV. Conclusion**

For the foregoing reasons, the motion to sever and remand the claim against Defendant Hicks will be denied and the motion to remand will be granted. The motion to dismiss will remain for resolution after remand. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
